HAMILTON, Senior Circuit Judge,
concurring in part and concurring in the judgment:
I concur in all parts of the majority opinion except Part II.C. addressing the merits of Go Computer, Inc. and Jerrold Kaplan’s (Plaintiffs) equitable tolling argument based upon fraudulent concealment. I would hold that Plaintiffs expressly waived their right to challenge the district court’s adverse ruling on this issue. Accordingly, I concur in part and concur in the judgment.
As to Plaintiffs’ equitable tolling argument based upon fraudulent concealment, I would hold Plaintiffs to the terms of the deal they made with the district court in order to persuade the district court to lift the Rule 11 sanctions. See Fed.R.Civ.P. 11(b)(3). Plaintiffs expressly told the district court that in the event the district court “eliminate[d] the finding that counsel violated Rule 11(b)(3) in making those allegations in the First Amended Complaint,” they would not appeal the district court’s rejection of their claim to equitable tolling under the doctrine of fraudulent concealment. (J.A. 1028). Having made that deal and having received the benefit of the bargain, sound judicial policy requires us to enforce Plaintiffs’ appellate waiver with respect to the district court’s adverse ruling on their equitable tolling argument based upon the doctrine of fraudulent concealment.
Plaintiffs should not be able to keep the benefit of their self-proposed bargain and skate out upon their concomitant obligation. In short, Plaintiffs unequivocally waived their right to bring an appellate challenge to the district court’s adverse ruling with respect to their fraudulent concealment argument. We owe it to the district court to enforce the deal Plaintiffs made with the district court. Accordingly, I would not reach the merits of Plaintiffs’ fraudulent concealment argument and would reject the argument on the basis of appellate waiver.